Case 1:23-cv-09372-DEH   Document 12   Filed 11/22/23   Page 1 of 4 

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Netanel Newberger- Partner
Author's E-Mail Address: netanelnewberger@mllaborlaw.com
Direct Dial: (516) 303-1356

November 22, 2023

<u>Via ECF</u>
Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Hildreth Real Estate Advisors LLC v. Galvis et al.**
      **Docket No.: 1:23-cv-09372-(DEH)**
      <u>**Our File No.: 146-2023**</u>

Dear Judge Ho:

This law firm represents Hildreth Real Estate Advisors LLC, the plaintiff in the above-referenced matter. Plaintiff submits the instant letter motion to strike pursuant to Fed.R.Civ. Proc. 12(f) the document entitled Defendant's Response (Answer to Complaint) ("Answer"), submitted by Defendants Felipe Galvis and Fortitude Ventures III LLC ("Defendants") (DE 10)[1], on the grounds that it fails to comply with the requirements for a responsive pleading under Fed.R.Civ. Proc. 8(b)(1) and includes Plaintiff's confidential information and trade secrets, reference to settlement discussions, scandalous allegations that have no bearing on the relevant issues and provides needless detail. In the alternative, Plaintiff moves to seal the Answer pursuant to Fed.R.Civ. Proc. 26(c)(1), as it contains Plaintiff's confidential information and trade secrets.

I.   <u>The Answer Must Be Struck, In Whole Or In Part</u>

Preliminarily, the Answer does not comport with Fed.R.Civ. Proc. 8(b)(1), which provides that a responsive pleading must: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ. Proc. 8(b)(1). Defendants' twenty-three (23) page Answer, far from containing short and plain terms, is essentially unintelligible and does not fairly respond to the substance of the Complaint's allegations. The Answer fails to state whether it admits, denies or lacks knowledge as to each allegation in the Complaint. The Answer does not contain numbered paragraphs and thus does not comport with Fed.R.Civ. Proc. 10(b): "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[1] The Answer is also submitted on behalf of defendant Fortitude Ventures III LLC. However, as a corporation must appear through counsel, the Answer must be struck. <u>See</u> <u>Grace v. Bank Leumi Trust Co. of N.Y.</u>, 443 F.3d 180, 192 (2d Cir. 2006) (default judgment may be entered against a corporation that fails to appear through counsel).

Honorable Dale E. Ho
United States District Court
Southern District of New York
November 22, 2023
Page 2 of 4

"Resolution of a Rule 12(f) motion is left to the district court's discretion." E.E.O.C. v. Bay Ridge Toyota, Inc., 327 F. Supp.2d 167, 170 (E.D.N.Y. 2004) (citations omitted). Federal courts have granted motions to strike answers in their entirety where they failed to comport with or grossly violated Fed.R.Civ. Proc. 8. See, e.g., Santos v. Villalona, 2020 U.S. Dist. LEXIS 192483, at *1-2 (S.D.N.Y. Oct. 13, 2020) (finding a pro se defendant's answer "likely insufficient under Rule 8(b)" and ordering defendant to "specifically respond to Plaintiff's complaint, denying, admitting, or acknowledging their lack of information about each of Plaintiff's factual statements"); Douyon v. NY Med. Health Care, P.C., 2011 U.S. Dist. LEXIS 47850 at * (E.D.N.Y. May 4, 2011), adopted, 2011 U.S. Dist. LEXIS 57286 at *4 (May 27, 2011) (striking Answer where it "[did] not meet any of [the] requirements [of Rule 8]…[and] Defendants eschew[ed] the traditional practice of separately admitting or denying each paragraph in the Complaint"). Here, Plaintiff is unable to understand which allegations in the Complaint are contested by Defendants, and for litigation to proceed based on a deficient Answer would unfairly prejudice Plaintiff.

Additionally, Fed.R.Civ. Proc. 12(f) provides that "[t]he court may strike from a pleading…any…immaterial, impertinent, or scandalous matter"; see 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action")(footnote omitted). "[S]candalous allegations and matters of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." Id. at 714. See Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC, 288 F. Supp.2d 473, 481 (S.D.N.Y. 2003)(striking references to defendants as "unscrupulous, unprincipled con artists" since it "amounts to nothing more than name calling, and does not contribute to [the]…substantive claims"). Moreover, even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in "needless detail." Gleason v. Chain Service Restaurant, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969). Prejudice exists when the contested allegation would confuse the issues. Canadian St. Regis Band of Mohawk Indians v. New York, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003).

In the instant matter, the Answer's allegations must be struck as it contains the names of Plaintiff's investors (See Answer page 10), which is considered to be a trade secret by Plaintiff and thus constitutes impertinent and needless detail. The instant action was filed in order to *enjoin* Defendants from disclosing this exact confidential information and trade secrets belonging to Plaintiff. It is beyond dispute that Plaintiff's Complaint alleges that the identity of Plaintiff's investors constitutes confidential information and trade information: "HREA's contact information for its investors is confidential and proprietary, and took great costs and efforts to create, including years of developing relationships with investors" (DE 8, ¶ 26); "HREA's carefully curated investor relations are vital to its business" (DE 8, ¶ 30); and "[t]his confidential information and these trade secrets provided HREA a unique competitive advantage" (DE 8, ¶ 31). The Court should also take note that Defendants concede that the names of Plaintiff's investors is considered to be a trade secret by Plaintiff (See Answer page 10) ("The Plaintiffs refer to the contact information…as their 'trade secret'"). Further, Defendants' disclosure of Plaintiff's trade secrets on the Court's public docket would result in substantial prejudice to Plaintiff.

Honorable Dale E. Ho
United States District Court
Southern District of New York
November 22, 2023
Page 3 of 4

Additionally, all of the below allegations in the Answer should be stricken in their entirety (if not the entire Answer); besides the specific reasons stated below, permitting these allegations to stand would result in prejudice to Plaintiff:

- references to settlement discussions, which are clearly immaterial and inadmissible under Fed. R. Evidence 408, and have no bearing on the relevant issues (page 8);
- scandalous allegations that have no bearing on the relevant issues, including that Plaintiff's principal David Shorenstein "has established a track-record of weaponizing litigation and public institutions to intimidate low-income tenants of rent-stabilized apartments in buildings he owned into leaving so he can get them to move out and raise rents" (page 8); and
- scandalous allegations that provide needless detail, including that Plaintiff "chronically misclassifies employees as contractors" and provides a list of 40 named employees to allegedly substantiate Defendants' allegations (page 16).

II.   In The Alternative, The Answer Must Be Filed Under Seal

Finally, in determining whether documents shall be filed under seal pursuant to Rule 26(c)(1)(G), because they are trade secrets, courts consider: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information." See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020). Courts routinely grant motions to seal where a document contains confidential information and trade secrets that is in the hands of a defendant when it should not be. See Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets).

In this matter, every single factor militates in favor of granting the instant motion to seal. The Complaint alleges that: "HREA's contact information for its investors is confidential and proprietary, and took great costs and efforts to create, including years of developing relationships with investors" (DE 8, ¶ 26); that "HREA's carefully curated investor relations are vital to its business" and that "[t]his confidential information and these trade secrets provided HREA a unique competitive advantage" (DE 8, ¶¶ 30-31); that "HREA took many reasonable measures to keep its confidential information secret, including restricting access of this information and maintaining it in a secured program protected by appropriate safeguards, and related resources" (DE 8, ¶ 32); and that Plaintiff's "confidential information derives independent economic value from not being generally known to, and not being readily ascertainable through, proper means from others who could otherwise obtain economic value from the disclosure or use of the information." (DE 8, ¶ 33). Further, as noted above, the Answer contains the names of Plaintiff's investors, which Defendants concede is considered to be a trade secret by Plaintiff. (See Answer page 10) Accordingly, if the Answer is not stricken, Plaintiff requests that it be filed under seal.

Honorable Dale E. Ho
United States District Court
Southern District of New York
November 22, 2023
Page 4 of 4

Accordingly, based on the above, the Answer, which fails to conform with the requirements of Fed.R.Civ. Proc. 8(b)(1) and 10(b), contains allegations which are clearly inadmissible, scandalous, irrelevant and prejudicial and contains Plaintiff's confidential information and trade secrets, should be stricken in its entirety by the Court pursuant to Fed.R.Civ. Proc. 12(f), or in the alternative placed under seal pursuant to Fed.R.Civ. Proc. 26(c)(1).

Respectfully submitted,

**MILMAN LABUDA LAW GROUP, PLLC**

/s/
Netanel Newberger

cc: Felipe Galvis- via regular mail and email

Application GRANTED.

Plaintiff's motion to strike Defendants' Answer (ECF. No. 11) is granted. A limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.")

Defendants must answer by **February 22, 2024**.

The Clerk of Court is respectfully directed to terminate ECF No. 11.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: November 22, 2023
New York, New York