

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 11, 2024

Author: Netanel Newberger- Partner
Author's E-Mail Address: netanelnewberger@mllaborlaw.com
Direct Dial: (516) 303-1356

Defendant Galvis may file a response, if any, by **June 27, 2024**. Plaintiff shall serve Defendant via overnight courier with a copy of this Order within two business days and file proof of service on the docket.

The Clerk of Court is respectfully directed to close ECF No. 46.

SO ORDERED.

Via ECF
Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Dale E. Ho
United States District Judge
Dated: June 12, 2024
New York, New York

**Hildreth Real Estate Advisors LLC v. Galvis et al.**
**Docket No.: 1:23-cv-09372-(DEH)**
**Our File No.: 146-2023**

Dear Judge Ho:

      This law firm represents plaintiff Hildreth Real Estate Advisors LLC ("Plaintiff") in the above-referenced matter. We write pursuant to the Court's June 7, 2024 Order (the "Order"), which authorized Plaintiff to file a letter-motion for a protective order setting forth the basis for the protective order and a proposed extension of the discovery deadline. Dkt. No. 44.

      Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." In re Zyprexa Injunction, 474 F. Supp.2d 385, 415 (E.D.N.Y. 2007).

      Parties often seek a protective order that delineates general categories of information appropriate for confidentiality protection, which permits the parties to designate information as confidential based upon their good faith belief that the produced information falls within those categories and that confidential treatment is warranted. See generally In re Parmalat Sec. Litig., 258 F.R.D. 236, 243 (S.D.N.Y. 2009). Under these protective orders, a "good cause" showing is generally deferred "until a party or intervenor challenges the continued confidential treatment of particular documents," at which point the designating party bears "[t]he burden of establishing good cause" for the protection afforded by the designation. Id.; see also Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 122 (S.D.N.Y. 2019) ("[w]hen a party challenges a [c]onfidential designation, the producing party is obliged to sustain the burden of establishing that good cause existed for continuing confidential treatment") (internal quotations omitted), reconsidered in part

Honorable Dale E. Ho
United States District Court
Southern District of New York
June 11, 2024
Page 2 of 2

on other grounds, 2019 U.S. Dist. LEXIS 163768 (S.D.N.Y. Sep. 20, 2019). See U2 Home Ent., Inc. v. Kylin TV, Inc., 2008 U.S. Dist. LEXIS 30755, at *7 (E.D.N.Y. April 14, 2008) ("In determining whether purported trade secrets should be protected, the Court must consider a variety of factors, including the extent to which the information is known both outside the business and to those involved in the business").

In the instant matter, the Complaint seeks damages and injunctive relief related to Defendants' misappropriation of Plaintiff's confidential information, resulting in their violation of or engagement in: (i) the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (ii) misappropriation; (iii) tortious interference with contractual relations; (iv) conversion; (v) defamation; and (vi) breach of fiduciary duty. Dkt. No. 8. The Complaint maintains as follows: Plaintiff's information regarding its investors and other confidential business and/or financial information qualifies as "trade secrets" under the DTSA. (¶¶ 26-27.) Plaintiff went through painstaking efforts, time, and money to build its business and brand to what it is today, including years cultivating relationships with its investors and contacts in the industry, and these carefully curated investor relations are vital to its business. (¶¶ 28-30.) This confidential information and these trade secrets provided Plaintiff a unique competitive advantage, and it took many reasonable measures to keep its confidential information secret, including restricting access of this information and maintaining it in a secured program protected by appropriate safeguards, and related resources. (¶¶ 31-32.) Plaintiff's confidential information derives independent economic value from not being generally known to, and not being readily ascertainable through, proper means from others who could otherwise obtain economic value from the disclosure or use of the information. (¶ 33.) Defendants misappropriated, converted, utilized and/or disclosed Plaintiff's confidential information and trade secrets. (¶¶ 31-32.) Defendant Felipe Galvis ("Galvis") has served discovery demands related to the aforementioned allegations in the Complaint.

Based on the above, Plaintiff has demonstrated good cause for issuance of a protective order for discovery pertaining to Plaintiff's confidential information and trade secrets. Accordingly, Plaintiff respectfully requests that the Court so-order the Model Confidentiality Stipulation with Plaintiff's proposed changes, as previously filed with the Court. Dkt. No. 43-1.

Finally, as the Court is aware, the discovery deadline is currently July 10, 2024. Due to continuing delays in discovery caused by Galvis's refusal to stipulate to a confidentiality agreement (it is also anticipated that Galvis will likely cause additional delays, based on the recalcitrance that he has displayed thus far in this action), Plaintiff respectfully requests a ninety (90) day extension of discovery. Thank you for your attention to this matter.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP, PLLC**
/s/_____
Netanel Newberger

cc:   Felipe Galvis- via Federal Express