UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILDRETH REAL ESTATE ADVISORS
LLC,

Plaintiff,

v.

FELIPE GALVIS, et al.,

Defendants.

23-CV-9372 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On May 29, 2024, the Court held a conference to discuss Plaintiff's proposed
Confidentiality Stipulation and Order. *See* ECF No. 41. During the conference, the parties
agreed to consider the Court's Model Confidentiality Stipulation and Proposed Protective Order.
*Id.* On June 6, 2024, Plaintiff's status report informed the Court that parties had reached an
impasse as to the protective order. On June 12, 2024, Plaintiff filed a letter-motion for a
protective order and a request to extend discovery by ninety (90) days. *See* ECF No. 46. On
June 17, 2024, pro se Defendant filed a response taking issue with Plaintiff's characterizations of
their conversations. *See* ECF No. 49. For the reasons discussed below, the Plaintiff's letter-
motion for a protective order is **GRANTED** and the extension request is **GRANTED in part.**

Rule 26 provides that a district court "may, for good cause, issue an order to protect a
party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.
R. Civ. P. 26(c)(1); *see also Schiller v. City of New York*, No. 04 Civ. 7921, 2007 WL 136149, at
*2 (S.D.N.Y. Jan. 19, 2007). Also pursuant to Fed. R. Civ. P. 26(c)(1)(G), "[t]he court may, for
good cause, issue an order to protect a party or person requiring that a trade secret or other
confidential research, development, or commercial information not be revealed or be revealed
only in a specified way." Rule 26 "confers broad discretion on the trial court to decide when a

protective order is appropriate and what degree of protection is required." *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *accor*d *Trellian Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (cleaned up); *accord Schiller*, 2007 WL 136149, at *5 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

First, the Court appreciates pro se Defendant's efforts as someone "without a legal background or experience being a party to a lawsuit." *See* ECF No. 49. In his letter objecting to motion for a protective order, Defendant argues that Plaintiff's "request for a protective order seems to seek broad protection without . . . showing good cause." *Id.* Defendant also notes that he "challenge[s] the continued confidential treatment of all documents and information in discovery until [Plaintiff] names each piece of evidence specifically and establishes good cause for protection for each one of them." *Id.*

In turn, Plaintiff argues that a protective order is necessary because, among other things, this action concerns Defendant's alleged "misappropriation of Plaintiff's confidential information, resulting in [his] violation of or engagement in: (i) the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (ii) misappropriation; (iii) tortious interference with contractual relations; (iv) conversion; (v) defamation; and (vi) breach of fiduciary duty." Complaint ¶ 1, ECF No. 8. Given the nature of this matter, a protective order is necessary

because there is "information regarding [Plaintiff's] investors and other confidential business and/or financial information." *See* ECF No. 46.

A protective order prevents and/or limits the disclosure of certain sensitive information in discovery.  In cases like this one, which involves sensitive business and financial information, courts can resolve issues before discovery begins by entering a protective order.  As is the case here, "[p]rotective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets." *Flores v. Stanford*, No. 18 Civ. 2468, 2021 WL 4441614, at *8 (S.D.N.Y. Sept. 28, 2021) (citing *Vesta Corset Co. v. Carmen Foundations, Inc*., No. 97 Civ. 5139, 1999 WL 13257, at *3 (S.D.N.Y. Jan. 13, 1999)).  After careful review of the parties' arguments, the Court determines that a protective order is appropriate to protect against identifiable harms.  For the reasons set forth above, Plaintiff's letter-motion is **GRANTED**.  By **June 28, 2024**, Plaintiff shall provide the Court a copy of the Model Confidentiality Stipulation Order with Plaintiff's proposed modifications, both a clean version and redline showing the differences between the Model and proposed protective order.

Finally, Defendant's letter-motion asks for a ninety (90) day extension of discovery.  The Court **GRANTS in part**.  The discovery deadline is extended to **September 30, 2024**. Accordingly, the case management conference scheduled for July 30, 2024, is rescheduled to **October 15, 2024, at 11:00 a.m. ET.**  The parties shall join the conference by dialing (646) 453-4442 and entering the conference ID: 751 054 925, followed by the pound sign (#).  The parties shall submit a joint status letter by **October 8, 2024**.  The letter shall state whether any party intends to file a dispositive motion.  The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.

Pro se Defendant may benefit from reviewing the Court's "Discovery Guide for Pro Se Litigants," which is available at: https://www.nysd.uscourts.gov/node/820.

Plaintiff shall serve Defendant via overnight courier with a copy of this Order within **two business days** and file proof of service on the docket.

SO ORDERED.

Dated: June 26, 2024
New York, New York

DALE E. HO
United States District Judge